# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

BANK OF AMERICA, N.A.;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

        Plaintiffs,

        v.

BORGATA HOMEOWNERS
ASSOCIATION, INC.; ALESSI & KOENIG,
LLC; KK REAL ESTATE INVESTMENT
FUND, LLC

        Defendants.

Case No. 2:16-cv-02844-RFB-NJK

**ORDER**

## I. INTRODUCTION

Before the Court are Plaintiffs Bank of America, N.A.'s ("BANA") Motion for Summary Judgment and Plaintiff Federal National Mortgage Association's ("Fannie Mae") Motion for Summary Judgment. ECF Nos. 34, 35. For the following reasons, the Court grants the motions.[1]

## II. PROCEDURAL BACKGROUND

Plaintiffs sued Defendants on December 8, 2016, seeking declaratory relief from this Court that a nonjudicial foreclosure sale conducted in 2013 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish their interest in a Las Vegas property. ECF No. 1. To obtain the relief, Plaintiffs asserted the following claims in the complaint: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) as against Defendant KK Real Estate Investment Fund, LLC ("KK"); (2) quiet title under 12 U.S.C. § 4617(j)(3) as against KK; (3) declaratory relief under the Fifth and the

---

[1] The motions, although filed with the Court separately, are identical.

Fourteenth Amendments to the United States Constitution against all Defendants; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution against KK; (5) declaratory judgment by Plaintiff Bank of America, N.A. against all defendants; (6) breach of NRS 116.1113; (7) wrongful foreclosure; and (8) injunctive relief. Id. Defendant Borgata Homeowners Association answered on January 4, 2017. ECF No. 7. Defendant KK answered on January 30, 2017. ECF No. 17. On March 16, 2017, the Court stayed the case pending final resolution of <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u> and <u>Saticoy Bay LLC v. Wells Fargo Home Mortgage</u>. 832 F.3d 1154 (9th Cir. 2016); 388 P.3d 970 (Nev. 2017). ECF No. 20. On April 10, 2019, the Court lifted the stay. ECF No. 33. On May 17, 2019, BANA and Fannie Mae filed their instant motions. ECF Nos. 34, 35. The motions were fully briefed. ECF Nos. 36, 37, 40, 43.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[2]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 4400 S Jones Blvd, # 1140, Las Vegas, NV 89103 (the "Property"). The Property sits in a community governed by the Borgata Homeowners Association, Inc. (the "HOA"). The HOA requires its community members to pay HOA dues.

Nonparties Franklin and Conrada St. Jean borrowed funds from Countrywide Bank, N.A. to purchase the Property in July 2006. To obtain the loan, the St. Jeans executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists the St. Jeans as the borrowers, Countrywide Bank, N.A. as the lender, and Recon Trust

---

[2] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 2 -

Company as the trustee was recorded on July 10, 2006. On October 10, 2011, the Mortgage Electronic Registration Service ("MERS") recorded an assignment of the deed of trust to BANA. On December 15, 2011 BANA recorded an assignment of the deed of trust Green Tree Servicing, LLC. On January 27, 2012, Green Tree assigned the deed of trust back to BANA. The assignment was recorded on August 8, 2014.

The St. Jeans fell behind on HOA payments. From June 2011 through November 2012, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and then a notice of foreclosure sale. On January 23, 2013, the HOA held a foreclosure sale on the Property under NRS Chapter 116. KK acquired the Property at the foreclosure sale as recorded in a foreclosure deed on January 24, 2013.

However, the Federal National Mortgage Association ("Fannie Mae") previously purchased the loan and deed of trust in July 2006. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BANA was the servicer of the loan for Fannie Mae at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event

> that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and Freddie Mac (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented

to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The Court finds there to be no material disputed facts.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[3] The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is

---

[3] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court does not make any factual findings or address the issue of tender in this matter.

under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovksy, 869 F.3d at 927–31. Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Fannie Mae had an interest in the Property at the time of the HOA foreclosure sale.

Despite Berezovsky, Defendant KK attempts to avoid an unfavorable entry of summary judgment primarily by arguing that BANA has failed to prove valid transfer of the note and deed of trust.

This argument is of no avail. First, both Fannie Mae and BANA are bringing the claims, so even if the Court were to find that BANA did not have standing to enforce the deed of trust, it could still find that Fannie Mae has standing to establish the survival of the deed of trust.

Furthermore, the Nevada Supreme Court has confirmed that the version of Nevada's recordation statutes in effect at the time that Fannie Mae acquired the loan did not require Fannie Mae's interest to be recorded or for a servicing agreement between Fannie Mae and BANA to exist. Daisy Trust v. Wells Fargo Bank. 443 P.3d 846, 850 (2019). In the same Daisy Trust case, the Nevada Supreme Court also reaffirmed its prior finding that so long as the record deed of trust beneficiary is in an agency relationship with the note holder, then the deed of trust and note may be "split." Id.

Plaintiffs have provided the proper foundation and sufficient evidence to show that Fannie Mae acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Plaintiffs attach printouts from Fannie Mae's internal database. The printouts are accompanied by a declaration of Graham Babin, an assistant vice president with Fannie Mae.

Babin translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of its regularly conducted activities and business practices. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount when BANA became Fannie Mae's servicer.

The Ninth Circuit has allowed the FHFA and the Enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has also allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence. See Daisy Trust, 445 P.3d at 846.

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and BANA as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in July 2006—prior to the foreclosure sale. Plaintiffs have therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the HOA foreclosure sale from extinguishing Fannie Mae's interest in the Property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all other claims.

## VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 34) is GRANTED. The Court quiets title and declares that Defendant KK Real Estate Investment Fund, LLC acquired the Property subject to Fannie Mae's deed of trust. The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case is expunged. (ECF No. 4).

The Clerk of Court is instructed to close this case.

DATED: March 31, 2020

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**